State v. Daye

be continued for a period of 120 days for the reason that plaintiff resides in South America and was unable to travel due to giving birth to a child during the month of October 1971. The court entered an order denying plaintiff's motion for a continuance of 120 days but continued the hearing until 4 January 1972 with the proviso that defendant be relieved of any and all alimony and child support payments "until the hearing and determination of the matters set forth in the motion in this cause."

Plaintiff excepted to the order, particularly that part relieving defendant from payment of alimony and child support payments pending a hearing on the motion, and appealed.

*Latham, Pickard & Ennis by James F. Latham for plaintiff appellant.*

*H. Clay Hemric for defendant appellee.*

———

STATE OF NORTH CAROLINA v. BONNIE LEE DAYE

No. 7214SC155

(Filed 29 March 1972)

Criminal Law § 161— broadside assignment of error

An assignment of error which attempts to present several questions of law is broadside and ineffective.

State v. Daye

APPEAL by defendant from *McKinnon, Judge,* 14 October 1971 Session of DURHAM Superior Court.

By indictment proper in form, defendant was charged with (1) possession of seven bindles of heroin and (2) selling seven bindles of heroin. The plea was not guilty, the jury found defendant guilty as charged and from judgment imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by Richard B. Conely, Associate Attorney, for the State.*

*Newsom, Graham, Strayhorn, Hedrick & Murray by E. C. Bryson, Jr., for defendant appellant.*

BRITT, Judge.

In his brief, defendant states his two assignments of error brought forward thusly:

(1) "The trial Court erred in failing to grant the defendant appellant's Motion for mistrial based on the gross and well calculated plan by the Solicitor to prejudice the jury against the defendant by (propounding) improper and incompetent questions, by prejudicial responses of State's witnesses and by the Solicitor's argument to the jury."

(2) "The Solicitor by a gross and well-calculated plan propounded improper and incompetent questions calculated to prejudice the jury against the defendant which led to the jury's finding of guilt."

It is well settled in this jurisdiction that an assignment of error which attempts to present several questions of law is broadside and ineffective. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1969); *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970); Rules of Practice in the Court of Appeals of North Carolina. A review of the exceptions grouped under defendant's two assignments of error discloses that numerous legal questions are raised including failure of the court to sustain defendant's objections to certain testimony, failure of the court to strike certain testimony, the validity of portions of the solicitor's argument to the jury, and the failure of the court to allow defendant's motion for a mistrial interposed after the jury returned its verdict but before judgment was pronounced. However, as indicated in the assignments of error, defendant

---

---

contends that considering the trial of the case as a whole, he did not receive a fair trial.

Although defendant's assignments of error are broadside, we have carefully reviewed the record before us, not only with respect to the specific exceptions but in the light of defendant's contentions, and conclude that he had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and GRAHAM concur.